[No. 34697-1-I. Division One. August 14, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. TOBIN JOEL BARRIENTES, *Appellant*.

---

*Beth A. Kreger of Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lynne J. Kalina, Deputy*, for respondent.

PER CURIAM. — Tobin Barrientes appeals the order of disposition entered in juvenile court finding him guilty of second degree robbery, alleging the findings of fact and conclusions of law entered by the court were untimely and inadequate under JuCR 7.11(d) and that the court erroneously imposed an indeterminate length of community supervision. The appeal has been referred to a panel of judges for accelerated review of the merits under RAP 18.12. We affirm because the delayed entry of findings did not prejudice Barrientes, the formal findings, when viewed in light of the undisputed facts surrounding the robbery, support the court's conclusion that Barrientes was guilty of the charged offense, and the obvious clerical error on the face of the disposition did not result in the imposition of an indeterminate period of community supervision.

I

On the evening of March 29, 1994, R.H. and J.M. were

walking home when they were confronted by three young males. After asking R.H. for money, the juveniles shoved R.H., hit him in the face and took his money. R.H. reported the incident to police. As R.H. was in the process of giving his statement to the responding officers, the three suspects were observed walking down a nearby street. R.H. positively identified Barrientes as being one of the three individuals who assaulted him and took his money. Barrientes was arrested and subsequently charged in juvenile court with robbery in the second degree.

After considering the evidence presented at an adjudicatory hearing, the juvenile court found Barrientes guilty beyond a reasonable doubt of robbery in the second degree. The court imposed a disposition within the standard range. This appeal followed.

## II

■ We decide the sentencing issue first. Barrientes contends the trial court exceeded its statutory authority in requiring him to serve an indefinite period of community supervision. He relies on Section 3.1 of his disposition order, which reads:

COMMUNITY SUPERVISION COUNT __1__ COUNT ____ COUNT ____ REMARKS
____ months ____ months ____ months TOTAL MONTHS ____

Barrientes argues that insertion of the "|" on the space next to "Community Supervision Count" is tantamount to the court ordering him to serve community supervision for a period of uncertain duration, and that the community supervision portion of the disposition must thus be corrected. We disagree. The "|" which appears in Section 3.1 of the disposition is nothing more than a "clerical error" and imposes no community supervision. Community supervision is not a "self-executing" condition of sentence and instead requires an affirmative act on the part of the sentencing court to be imposed. The space on the disposition for specifying the length of the supervision terms was not filled in here. Absent some other evidence in the record showing the court actually intended to impose a term

of community supervision, there is no need to correct this obvious, but ultimately harmless, defect on the face of the disposition. No useful purpose would be served by remanding this matter to the trial court for correction.

We *affirm* the judgment and sentence.

Pursuant to RCW 2.06.040 the remainder of this opinion has no precedential value and will not be published.

Reconsideration denied September 21, 1995.